UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/30/295

IJEOMA OKOLO,

                Plaintiff,

- v. -

COMMISSIONER OF SOCIAL
SECURITY

                Defendant.

**ORDER**

13 Civ. 4273 (PGG) (DCF)

PAUL G. GARDEPHE, U.S.D.J.:

        On June 19, 2013, pro se Plaintiff Ijeoma Okolo filed the Complaint in this action. (Dkt. No. 2) She seeks judicial review, pursuant to Title 42, United States Code, Section 405(g), of a final decision of the Commissioner of Social Security denying her requests for waiver of recovery of two overpayments of Supplemental Security Income ("SSI") benefits that she received – one on her own behalf, and the other on behalf of her minor son, identified as J.O. (Id.) On June 20, 2014, the Commissioner filed a motion for judgment on the pleadings, asking this Court to affirm the Commissioner's decision and to dismiss the Complaint. (Dkt. No. 17) Plaintiff – who is acting pro se – submitted an "Affirmation in Opposition to Motion" (Dkt. No. 23), which this Court has construed as a cross-motion for judgment on the pleadings.

        On August 31, 2015, Magistrate Judge Debra C. Freeman issued a Report and Recommendation (Dkt. No. 24 "R&R") recommending that this Court (1) grant the Commissioner's motion for judgment on the pleadings with respect to the Commissioner's decision that Plaintiff was not entitled to a waiver of recovery of the $15,115 overpayment of J.O.'s benefits; (2) construe Plaintiff's opposition to Defendant's motion as a cross-motion for

judgment on the pleadings and grant the cross-motion with respect to the Commissioner's decision that Plaintiff was not entitled to a waiver of recovery of the $821 overpayment of her own benefits; (3) remand the case for further proceedings with respect to the $821 overpayment of Plaintiff's benefits; and (4) otherwise deny the parties' motions. (R&R at 31-32)

In her R&R, Magistrate Judge Freeman also informed the parties that they had fourteen days from the issuance of the R&R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, and that failure to do so would result in waiver of review. (R&R at 32-33) Neither Plaintiff nor the Commissioner have filed any objections to the R&R. Accordingly, both parties have waived their right to review by this Court. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").

This Court has nonetheless reviewed Magistrate Judge Freeman's comprehensive and well-reasoned R&R and is satisfied that "there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

As an initial matter, this Court finds that Magistrate Judge Freeman committed no error in treating Plaintiff's opposition to the Commissioner's motion for judgment on the pleadings as a cross-motion for judgment on the pleadings. See Houston v. Colvin, No. 12 Civ. 3842 (NGG), 2014 WL 4416679, at *2 n.3 (E.D.N.Y. Sept. 8, 2014) (construing pro se Plaintiff's opposition to defendant's motion for judgment on the pleadings as a cross-motion for

2

judgment on the pleadings); Triestmant v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (pro se papers to be construed liberally); see also R&R at 16.

With respect to the $15,115 overpayment of SSI benefits to Plaintiff's son, this Court agrees with Magistrate Judge Freeman's conclusion that substantial evidence supports the Commissioner's determination that Plaintiff is ineligible for a waiver of recovery of the overpayment. (R&R at 28) As set forth fully in Magistrate Judge Freeman's R&R, Plaintiff was notified in writing of how her resources would affect J.O.'s eligibility for benefits. (SSA Administrative Record (Dkt. No. 20) "Tr." at 340-42, 357-59; see R&R at 26) Plaintiff has not disputed that she received these notices or that the Agency overpaid J.O.'s benefits by $15,115, and substantial evidence supports the Agency's conclusion that she had the ability to read and understand the notice. (Tr. at 156 (Plaintiff's testimony that she received a bachelor's degree in business management)) Accordingly, Plaintiff "must be charged with a responsibility to review the notices she was mailed regarding J.O.'s SSI benefits after she applied for benefits on [J.O.'s] behalf." (R&R at 28 (citing Schenck v. Comm'r of Soc. Sec., No. 14 Civ. 1445 (KPF), 2015 WL 4393077, at *4 (S.D.N.Y. July 16, 2015) (plaintiff not without fault with respect to overpayment based on receipt of notices explaining eligibility requirements))) For this reason and the others set forth in Magistrate Judge Freeman's R&R, the Commissioner's motion for judgment on the pleadings with respect to the $15,115 overpayment of J.O.'s benefits will be granted.

With respect to the $821 overpayment of Plaintiff's own benefits, however, this Court agrees with Magistrate Judge Freeman's conclusion that remand is appropriate. As Magistrate Judge Freeman explains in her R&R, there is no evidence in the record that Plaintiff received written notice of the resource limits with respect to her own eligibility for benefits. The notice she received with respect to J.O.'s eligibility for benefits discusses only how a parent's

3

resources may affect a child's eligibility for SSI benefits. See Tr. at 340-42, 357-59. Moreover, any oral notice she may have received of the resource limits is irrelevant, because it is undisputed that Plaintiff is hearing impaired (see Def. Br. (Dkt. No. 18) at 1), and she testified that she was unable to hear or otherwise comprehend the oral instructions she received when she applied for benefits. See Tr. at 160-66; R&R at 30 n.15. Because the record does not contain evidence that Plaintiff received written notice of the resource limits with respect to Plaintiff's own benefits, the Administrative Law Judge's determination that she received such notice – which was based solely on the fact that claimants are typically provided notice of the resource limits when they become eligible for benefits checks (see Tr. at 25) – is not supported by substantial evidence.

        This Court agrees with Magistrate Judge Freeman's conclusion that,

> as there is a "basis to conclude that a more complete record might support the Commissioner's decision," and as the Court would have discretion to remand on this ground, Butts v. Barnhart, 388 F.3d 377, 385-86 (2d Cir. 2004), amended on other grounds on reh'g, 416 F.3d 101 (2d Cir. 2005), this . . . issue [should] be remanded to the Agency for a redetermination of whether Plaintiff was without fault with respect to the overpayment of her benefits.
>
> On remand, the Agency should . . . consider the question of whether documentary evidence exists that Plaintiff was provided information in writing regarding her own eligibility for SSI benefits, such that she knew or should have known (a) that she was required to inform the Agency of the funds in her bank account in connection with her own application for, or continuing receipt of, benefits, and/or (b) that she was not in fact entitled to receive the SSI benefits she received on her own claim. The Agency [is] also . . . directed to consider whether (during a redetermination of Plaintiff's eligibility for benefits or at any other relevant time) Plaintiff made an incorrect statement to the Agency, with respect to her own benefits, that she knew or should have known was incorrect, and that caused the overpayment. If any additional documentary evidence located by the Agency as to these issues does not establish that Plaintiff was at fault, then the Agency should determine that she was without fault and proceed to consider whether she meets any of the three additional criteria that would entitle her to a waiver. . . .

(R&R at 29-30)

This Court adopts Magistrate Judge Freeman's R&R in its entirety and, for the reasons stated therein, (1) grants the Commissioner's motion for judgment on the pleadings with respect to the Commissioner's decision that Plaintiff is not entitled to a waiver of recovery of the $15,115 overpayment of J.O.'s benefits; (2) construes Plaintiff's opposition to Defendant's motion as a cross-motion for judgment on the pleadings and grants the cross-motion with respect to the Commissioner's decision that Plaintiff is not entitled to a waiver of recovery of the $821 overpayment of her own benefits; (3) remands the case for further proceedings with respect to whether Plaintiff is entitled to a waiver of recovery of the $821 overpayment of Plaintiff's benefits; and (4) otherwise denies the parties' motions. This case is hereby remanded to the Agency for further proceedings consistent with this Order and Magistrate Judge Freeman's R&R. The Clerk of the Court is directed to terminate Dkt. No. 17 and to close this case. The Clerk is further directed to mail a certified copy of this Order to pro se Plaintiff Ijeoma Okolo at 1516 Beach Ave, Apt. 22, Bronx, New York 10460.

Dated: New York, New York
September 30, 2015

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge